Kenneth CHRISTOPHE, Plaintiff,

v.

**PARKER DRILLING COMPANY, et al., Defendants.**

No. CIV.A. G–03–240.

United States District Court, S.D. Texas, Galveston Division.

April 21, 2004.

Anthony G. Buzbee, Attorney at Law, Friendswood, TX, for Kenneth Christophe, plaintiff.

Craig Haworth Clendenin, Benckenstein Norvell et al., Ronnie W. Baham, Jr., White Mackillop et al., Ronald L. White, White Mackillop et al., Houston, TX, for Parker Drilling Company, Parker Drilling Offshore U.S.A., L.L.C., defendants.

## *ORDER GRANTING IN PART AND DE-NYING IN PART PLAINTIFF'S MOTION TO CONFIRM SETTLEMENT AGREEMENT*

KENT, District Judge.

### I.

This maritime personal injury case arises out of injuries suffered by Plaintiff Kenneth Christophe ("Plaintiff") in the course of his duties as a seaman aboard a drilling rig owned and operated by Defendants Parker Drilling Company and Parker Drilling Offshore U.S.A., Inc. (collectively "Parker" or "Defendants"). Now before the Court comes Plaintiff's Opposed Motion to Confirm Settlement Agreement. For the reasons stated below, the Motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

### II.

The Parties mediated this case on two separate occasions. The first mediation, on December 15, 2003, was unsuccessful. The Parties reconvened on January 5, 2004. Although they did not reach a final settlement agreement, they apparently succeeded in finding some common ground. Counsel continued settlement discussions at docket call on January 6th, and they announced that the case had settled. The Court issued a 45–day Closing Order, which expired on February 20, 2004. On February 25, 2004, Plaintiff filed its Opposed Motion to Confirm Settlement Agreement, to which Defendant timely responded. On April 8, 2004, counsel for the Parties appeared before the Court at a hearing on Plaintiff's Motion.

### III.

Plaintiff states that the terms of the Parties' settlement called for Parker to pay Plaintiff $400,000 and assume responsibility for the payment of all of Plaintiff's outstanding medical bills. Defendant denies that the terms offered by Plaintiff reflect the Parties' agreement. Defendant maintains that the settlement terms agreed upon by the Parties are set forth in a letter from Defendant's counsel dated January 8, 2004. The letter states, in relevant part,

> Per our conversation at the court house yesterday it [is] my understanding that Mr. Christophe will accept the $400,000 settlement offer from Parker Drilling and reserve all his remaining claims against Bailey's and their marine insurance carrier for past and future maintenance and cure and pursue those claims against Bailey's in Louisiana.

> Please advise if this is correct and I will contact my client and have him issue the settlement check.

Letter from W. Reid Williamson to Peter K. Taaffe (Jan. 8, 2004), Response to Plaintiff's Motion to Confirm Settlement Agreement, Exhibit A. The letter was countersigned by Plaintiff's counsel and returned to Defendant's counsel. *See id.* Plaintiff maintains that Parker's refusal to assume liability for Plaintiff's outstanding medical expenses constitutes a breach of contract.

Plaintiff also alleges that Parker made the material representation that it would pay Plaintiff $400,000 and assume liability for his outstanding medical expenses; that this representation was false; that Parker knew the representation was false or made it recklessly, without knowledge of its truth; that Parker made the representation with the intent that Plaintiff act on it; and that Plaintiff relied on the representation in agreeing to settle his claims. Plaintiff requests that the Court enter judgment for Plaintiff against Parker in the amount of $400,000 and order Parker to pay all of Plaintiff's outstanding medical bills. Alternatively, Plaintiff requests that the Court place this case back on the trial docket and set it for trial as soon as possible.

■ The parol evidence rule dictates that when a written contract is complete and unambiguous, the court shall not admit extrinsic evidence regarding prior or contemporaneous agreements. *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex.1995). The rule rests in part on the principle that "[n]egotiations preceding a written contract should not displace the terms of the written contract." *Fisher Controls Intern., Inc. v. Gibbons,* 911 S.W.2d 135, 141–42 (Tex.App.—Houston [1st Dist.] 1995, writ denied). The rule of merger, a corollary to the parol evidence rule, provides, "Absent pleading and proof of ambiguity, fraud, or accident, a written instrument presumes that all the parties' earlier agreements relating to the transaction have merged into the written instrument." *Tex. A & M Univ.-Kingsville v. Lawson,* 127 S.W.3d 866, 872 (Tex. App.—Austin 2004, no pet. h.). To state a fraud claim, a party must show, among other things, that it actually and justifiably relied on the opposing party's misrepresentation. *See DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.,* 112 S.W.3d 854, 858 (Tex.App.—Houston [14th Dist.]

2003, no pet. h.) (en banc) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex.2001); Restatement (Second) of Torts § 537 (1977)). Each party has a duty to exercise ordinary care and reasonable diligence to protect its own interests. "[R]eliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties is not justified as a matter of law." *Id.*

■ The settlement agreement between the Parties, memorialized in the letter of January 8, 2004, clearly and unambiguously states that Plaintiff will settle his claims against Defendant for $400,000 and retain all rights against his employer for maintenance and cure obligations. The letter was signed by Defendant's counsel and countersigned by Plaintiff's counsel. Because the terms of the contract are unambiguous, extrinsic evidence is neither necessary nor, under the parol evidence rule, admissible to determine the terms of the Parties' agreement. Similarly, the rule of merger raises a presumption that any and all prior agreements between the Parties have merged in the written agreement. Absent a showing of fraud, applicable Texas law does not permit the Court to consider extrinsic evidence contradicting the terms of the settlement agreement.

■ While Plaintiff's counsel vehemently and sincerely alleged that Defendant's counsel deliberately engaged in fraud during settlement negotiations, the facts do not support a finding of fraud. The conclusion that settlement negotiations were tainted by a genuine element of malicious intent or manifest bad faith sufficient to support a claim of fraud requires egregious facts. While the Court makes every effort to consider the merits of each case in a vacuum, the fact remains that every attorney who appears before this

Court is accompanied by his or her reputation, developed by the performance over time of individual attorneys and firms. Bad actors exist, and over time the haze of serious allegations invokes the principle that where there's smoke, there's fire. Both Plaintiff's and Defendant's attorneys are known to this Court as tough negotiators and zealous advocates, and the Court holds their respective firms in high esteem. The Court has before it what appears to be an arms-length agreement signed by representatives of both firms. Without a showing of egregious facts, this Court assumes that both attorneys were motivated by no more than the desire to pursue their clients' interests zealously. The letter memorializing the settlement agreement was presented to Plaintiff's counsel, who signed it with full authority to bind Plaintiff, thereby agreeing to its terms. There is no indication that Plaintiff's assent to the terms was induced by malicious or bad-faith representations. The Court finds that the allegation of fraud is not supported by the evidence, and any suggestion of inquiry by this Court is summarily terminated. The Court declines to disturb the settlement agreement memorialized by the Parties. Accordingly, the Motion to Confirm is hereby **GRANTED IN PART** to the extent that it conforms to the terms contained in the letter agreement and **DENIED IN PART** to the extent it would impose an obligation upon Parker to assume liability for Plaintiff's outstanding medical expenses.

### IV.

For the reasons stated above, Plaintiff's Motion to Confirm Settlement Agreement is **GRANTED IN PART** and **DENIED IN PART**. The Court hereby **ORDERS** that the precise terms of the settlement, as set forth in the letter and contract of settlement agreement dated January 8, 2004, be enforced and that funding issue within 15 days. Plaintiff's claims against Parker only are hereby **DISMISSED WITH PREJUDICE**. Plaintiff reserves all rights of recourse against his employer for maintenance and cure and/or outstanding medical expenses. Order and Final Judgment will follow.

**IT IS SO ORDERED**